UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TASHIA MUSTAFA,**

*Plaintiff,*

v.

**CLARITY SERVICES, INC.,**

*Defendant.*

Case No: 8:24-cv-02610

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY TRIAL DEMAND

**COMES NOW**, the Plaintiff, TASHIA MUSTAFA ("Ms. Mustafa"), by and through her undersigned counsel, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("Clarity" or "Defendant"), and in furtherance thereof states as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Ms. Mustafa against the Defendant for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. The Defendant is subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat., and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because the acts of which Ms. Mustafa complains were committed and/or caused by the Defendant within Hillsborough County, Florida, which is in the Middle District.

## PARTIES

### Ms. Mustafa

5. Ms. Mustafa is a natural person residing in the City of Riverview, located in Hillsborough County, Florida.

6. Ms. Mustafa is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. Clarity is a Delaware corporation, whose principal business address is 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9. Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Ms. Mustafa

10. At some point in or prior to the year 2020, Clarity began maintaining a credit file on Ms. Mustafa.

11. On or about June 24, 2022, Clarity began reporting that Ms. Mustafa owed a loan balance of $4,366 to "CBW / CreditFresh." **SEE PLAINTIFF'S EXHIBIT A, p. 2.**

12. "CBW / CreditFresh" refers to CBW Bank, a small bank in Weir, Kansas, which is purportedly the "bank partner" of Propel Holdings, Inc., which operates an online lending platform known as CreditFresh.

13. CreditFresh makes small-dollar, short-term, online "payday" loans to consumers at effective interest rates, typically exceeding 180% per year.

14. As of October 27, 2024, the "CBW / CreditFresh" tradeline Clarity reported indicates a "Current Loan Amount" of $1,000, a "Current Balance" of $4,366, a "Past Due Amount" of $276, a "Next Payment Amount" of $552, and a "Last Update Date" of June 29, 2022. **SEE PLAINTIFF'S EXHIBIT A, p. 2.**

15. As of November 2024, more than two (2) years has passed since "CBW / CreditFresh" has made any update or change to the tradeline.

16. On or about May 30, 2023, CBW Bank and Propel Holdings, Inc. agreed that Ms. Mustafa's loan had no amount owed.

17. Around this same time, CBW Bank and/or Propel Holdings, Inc. instructed Clarity to delete the tradeline from Ms. Mustafa's credit file.

18. Therefore, the "CBW / CreditFresh" tradeline should not be reported at all. Assuming that Clarity determined the tradeline should report and not be deleted, despite written instructions from the creditor to delete it, the tradeline information contains substantial inaccuracies; the balance on the account is $0, and no past-due amount exists.

19. The "CBW / CreditFresh" tradeline in Ms. Mustafa's Clarity credit file is far from an isolated occurrence; many of Clarity's consumer credit files contain information about loans with weekly or bi-weekly payments that have not been updated for three (3) or more years.

20. As the above indicates, Clarity lacks reasonable procedures designed to ensure the maximum possible accuracy of the consumer reports it sells.

21. The overwhelming majority of Clarity's data furnishers consist of short-term, small-dollar lenders; as such, allowing information to remain without update for three (3) or more years virtually guarantees it will sell credit reports with stale, outdated, and erroneous information.

22. Further, Clarity programmed its systems to report as much information as possible, with little regard for the quality or truthfulness of the data.

23. For example, Clarity reports an employer's address as "123 Main Street, Riverview, FL." **SEE PLAINTIFF'S EXHIBIT B, p. 2.**

24. The "123 Main Street" address is a placeholder Clarity's systems automatically insert when a data furnisher does not supply an employer address.

25. "123 Main Street, Riverview, FL" does not exist.

26. Clarity also reported Ms. Mustafa's housing status was "TRUE," but made no reference to what "true" means in relation to Housing Status. Clarity also reported "OWN" and "RENT" as other values. **SEE PLAINTIFF'S EXHIBIT B.**

27. "TRUE," like "123 Main Street," is gibberish designed to fill up space, devoid of any meaning or truth.

28. Clarity further reported that, as of May 17, 2024, Ms. Mustafa had "0 Months" on the job with her employer. **SEE PLAINTIFF'S EXHIBIT B, p. 2.**

29. Like "TRUE" and "123 Main Street," "0 Months" is placeholder data Clarity's systems automatically insert when the data furnisher does not supply a value.

30. Clarity does not disclose that "0 Months" is a mere placeholder value to readers of its reports; a reasonable reader would take the statement at face value, i.e., that Ms. Mustafa was recently unemployed when she was not.

31. In summary, Clarity programmed its systems to insert false information into consumer credit files.

32. Clarity's records establish that it has sold at least fifty-three (53) reports about Ms. Mustafa in the past two (2) years.

33. Each of these reports contains the inaccurate CreditFresh tradeline, as well as false and nonsensical information about Ms. Mustafa's work address, housing status, length of employment, and more.

34. As a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, Clarity operates in stark contrast to its parent company.

35. While Experian enforces Metro 2 guidelines, industry standards which contain hundreds of pages of explanations regarding how to report information covering almost every conceivable scenario, which other large CRAs use to serve as a common language, Clarity requires no such compliance and has no discernable quality-assurance standards.

36. Indeed, Clarity frequently reports lengths of employment and residential history that exceed logically impossible timeframes, like a million years, in addition to other clearly false information.

37. The FCRA is clear in its requirement that as a CRA, Clarity must prepare accurate reports:

> **Accuracy of Report.** Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

38. The FCRA required Clarity to follow reasonable procedures to assure the maximum possible accuracy of any information Clarity reported concerning Ms. Mustafa.

39. When it sold reports regarding Ms. Mustafa in the last two (2) years, Clarity knew, or should have known, that even under a best-case scenario it was selling out-of-date information it had gathered without regard to accuracy or completeness.

40. Instead of programming its systems to insert invented information into its reports to fill in any gaps, Clarity could have simply omitted records with incomplete information.

41. Specifically, Clarity could have just omitted records with out-of-date information, e.g. CreditFresh, from Ms. Mustafa's report, but instead chose to intentionally include a stale tradeline.

42. As a result of the Defendant's actions, Ms. Mustafa has suffered damage, including lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to her reputation.

43. Ms. Mustafa has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

44. Ms. Mustafa adopts and incorporates paragraphs 1 through 43 as if fully restated herein.

45. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure the maximum possible accuracy of the consumer reports regarding Ms. Mustafa then sold consumer reports containing out-of-date tradeline information regarding the CreditFresh loan, as it should have reflected a $0 balance with $0 past due if Clarity chose to report such information at all.

46. Numerous consumers have sued Clarity for similar violations, therefore Clarity is aware it frequently sells reports with out-of-date, false tradeline information.

47. Clarity's conduct was thus willful or done with a reckless disregard for Ms. Mustafa's rights under the FCRA.

48. As a result of its conduct, Clarity is liable to Ms. Mustafa pursuant to the FCRA for the greater of Ms. Mustafa's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs per 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Mustafa respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Ms. Mustafa's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
### CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

49. Ms. Mustafa adopts and incorporates paragraphs 1 through 43 as if fully stated herein, and pleads this count strictly in the alternative to Count I.

50. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure the maximum possible accuracy of the consumer reports regarding Ms. Mustafa then sold consumer reports containing out-of-date tradeline

information regarding the CreditFresh loan, as it should have reflected a $0 balance with $0 past due if Clarity chose to report such information at all.

51. Clarity owed Ms. Mustafa a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Ms. Mustafa.

52. Clarity breached this duty when it sold consumer reports containing out-of-date tradeline information regarding the CreditFresh loans, as it should have reflected a $0 balance with $0 past due if it chose to report such information at all.

53. Clarity acted negligently and pursuant to 15 U.S.C. § 1681o, Ms. Mustafa is entitled to her actual damages, attorneys' fees, and costs.

**WHEREFORE**, Ms. Mustafa respectfully requests this Honorable Court enter judgment against Clarity for:

a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on November 8, 2024, by:

**SERAPH LEGAL, P.A.**

*/s/ Megan A. Rosenberg*
Megan A. Rosenberg, Esq.
Florida Bar No.: 1005213
mrosenberg@seraphlegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*/s/ Thomas M. Bonan*
Thomas M. Bonan Esq.
Florida Bar No.: 118103
2124 W. Kennedy Blvd Ste. A
Tampa, Florida 33605
Tel: 813-567-1230 (Ext: 302)
TBonan@SeraphLegal.com
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

A   Ms. Mustafa's Clarity Statement, October 27, 2024, CreditFresh Tradeline – Excerpt
B   Ms. Mustafa's Clarity Statement, June 11, 2024, Housing Info and Employment Info - Excerpts